UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK APPELGREN, <br><br> Plaintiff, <br><br> v. <br><br> RODEWAY INN CAPRI, et al., <br><br> Defendants. | Civil Action No. <br><br> 24-cv-08010 (MEF) (JRA) <br><br> **REPORT AND RECOMMENDATION** |

**José R. Almonte, U.S.M.J.**

Defendants Choice Hotels International Inc. ("Choice Hotels") and Capri Little Ferry, LLC, pled as Rodeway Inn, Capri ("Rodeway," collectively with Choice Hotels, "Defendants") each move to dismiss this suit brought by Mark Appelgren ("Plaintiff") for failure to state a claim upon which relief can be granted. ECF Nos. 16, 28, 32, 37 (the "Motions"). Plaintiff, appearing *pro se*, opposes the Motions. ECF Nos. 24, 35. The Honorable Michael E. Farbiarz, United States District Judge, referred the Motions to me for a Report and Recommendation. I considered the arguments in support of and in opposition to the Motions and decide the Motions without oral argument. *See* Fed R. Civ. P. 78; L.Civ.R. 78.1. For the reasons set forth below, I respectfully recommend that Defendants' Motions to Dismiss be **GRANTED**, and that Plaintiff's First Amended Complaint be **DISMISSED WITHOUT PREJUDICE** with leave to amend.

1

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff was a guest at Rodeway, a hotel located in Little Ferry, New Jersey, which functions as a franchisee of Choice Hotels.  During one of his stays at Rodeway, Defendants allegedly discriminated against him and harassed him because of his medical conditions, Irritable Bowel Syndrome ("IBS") and constipation.[1]  *See* First Amended Compl. ¶¶ 7-10, ECF No. 7.  According to Plaintiff, he "was unable to get off the toilet and was pleading with hotel staff and management, who were harassing him and disregarding his requests for privacy and assistance." *Id.* ¶ 11.  He further avers that during the incident,

> Hotel staff, including a maintenance employee, held the door open while Plaintiff was attempting to dress and finish using the bathroom, allowing others to see him and causing further humiliation. . . . The manager and staff appeared to find it comical to embarrass Plaintiff while he was experiencing a medical condition, failing to consider that Plaintiff was unable to respond quickly due to his condition.

*Id.* ¶¶ 13-14.

Based on this incident, Plaintiff filed several complaints with Choice Hotels, the franchisor of Rodeway.  *See id.* ¶¶ 8, 16; ECF No. 16-1 at 2.  Plaintiff alleges that he "did not receive any response from district, regional, or corporate office regarding his serious allegations," but he received 90,000 hotel points from Choice Hotel's customer service.  First Amended Compl. ¶¶ 9, 16.  These events form the basis of Plaintiff's 17 causes of action in his First Amended Complaint: Count I – Violations of the Americans with Disability Act, 42 U.S.C. § 12181 *et seq.* ("ADA"); Count II –

---

[1] The First Amended Complaint is the operative complaint which this Motion seeks to dismiss. ECF No. 7.

2

Violations of New Jersey Law Against Discrimination; Count III – Violations of New Jersey Consumer Fraud Act; Count IV – Breach of Contract; Count V – Breach of Duty of Care; Count VI – Failure to Train and Supervise; Count VII – Intentional Infliction of Emotional Distress; Count VIII – Disability Discrimination; Count IX – Unfair and Deceptive Trade Practices; Count X – Breach of Implied Covenant of Good Faith and Fair Dealing; Count XI – Unjust Enrichment; Count XII – Harassment; Count XIII – Gross Negligence; Count XIV – Gross Ignorance of Law; Count XV – Failure to Act on Allegations and Complaints, Count XVI – Violation of New Jersey's Common Law Duty of Case; and Count XVII – Hotel and Multiple Dwelling Law. *See generally id.* Only the ADA claim is grounded in federal law; the remaining 16 counts are all state law claims.

On September 5, 2024, Choice Hotels and Rodeway moved to dismiss the First Amended Complaint. *See* ECF Nos. 16, 28.[2] Defendants raise near-identical arguments, arguing that (1) the First Amended Complaint fails to state a claim upon which relief can be granted against either Defendants, (2) that certain counts of the First Amended Complaint are redundant of other counts and should be stricken, (3) that the Court lacks supplemental jurisdiction over certain claims, and (4) that the First Amended Complaint is too vague to allow Defendants to discern which counts they must defend against. *See* ECF Nos. 16-1 at 1, 28-1 at 1-2. For those reasons,

---

[2] Plaintiff attempted to amend his complaint again on October 8, 2024, in response to Choice Hotel's motion to dismiss, but the Court administratively terminated the motion to amend and ordered the parties to meet and confer regarding whether Defendants would consent to the amendments. *See* ECF No. 26. Defendants did not consent to Plaintiff's proposed amendments and Plaintiff renewed his motion for leave to amend. *See* ECF Nos. 31, 34. After the initial scheduling conference, the parties agreed that Defendants' Motions should be decided first. *See* ECF Nos. 39, 41.

Defendants ask the Court to dismiss Plaintiff's claims or, in the alternative, compel Plaintiff to file a more definite statement. *See* ECF Nos. 16-1 at 1, 28-1 at 1-2.

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts all factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). These facts must be "more than labels and conclusions." *Twombly*, 550 U.S. at 555.

But notably, when considering the allegations of *pro se* plaintiffs, courts generally hold these plaintiffs "to less stringent standards than formal pleadings drafted by lawyers." *Swint v. United States*, No. 24-cv-2222, 2025 WL 88836, at *2 (3d Cir. Jan. 14, 2025) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the "Court need not . . . credit a *pro se* plaintiff's bald assertions or legal conclusions[.]" *Rahman v. N.J. Att'y Gen.*, No. 22-cv-04703, 2023 WL 6048808, at *1 (D.N.J. Apr. 10, 2023) (citations and internal quotation marks omitted).

## III. DISCUSSION

### A. The Claims of ADA Violations

No party disputes that hotels are places of public accommodation subject to the ADA. *See Hernandez v. Caesars License Co., LLC*, No. 19-cv-06090, 2019 WL 4894501, at *2 (D.N.J. Oct. 4, 2019) (citing 42 U.S.C. § 12181(7)(A)). "[A]ny person who owns, leases (or leases to), or operates a place of public accommodation" is

4

prohibited from discriminating against individuals on the basis of disability and preventing such individuals from "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodation . . . ." 42 U.S.C. § 12182(a). To establish a claim of disability discrimination in a place of public accommodation under the ADA, a plaintiff must prove that "(1) he was discriminated against on the basis of disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; (3) by any person who owns . . . or operates a place of public accommodation." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 118 F. Supp. 2d 494, 514 (D.N.J. 2000).

Defendants argue that Plaintiff does not allege that his IBS "substantially limits one or more major life activities," thus failing to allege that IBS is a disability under the ADA. ECF Nos. 16-1 at 11, 28-1 at 17. However, Defendants do concede, and caselaw supports, that IBS can be a disability under the ADA. *See* ECF Nos. 16-1 at 11, 28-1 at 17; *Bernheim v. N.Y.C. Dep't of Educ.*, No. 19-cv-9723, 2021 WL 2619706, at *8 (S.D.N.Y. June 25, 2021). Thus, a dismissal on the grounds advanced by Defendants would be inappropriate. *See Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (A motion to dismiss can be granted where "plaintiffs could prove no set of facts that would entitle them to relief.").

However, dismissal of the ADA claim is appropriate because the First Amended Complaint does not sufficiently allege that Plaintiff was discriminated against **on the basis of** his IBS or any other medical condition. *See Barclay v. Amtrak,* 240 F. App'x 505, 509 (3d Cir. 2007) (granting summary judgment in

5

employer's favor where Plaintiff could not establish that employer's alleged harassment was on the basis of Plaintiff's IBS). In other words, I take it as true that Plaintiff suffered from IBS and, moreover, that IBS is a disability. As it stands, the First Amended Complaint only alleges that Plaintiff suffered an IBS flare-up during one of his stays in at Rodeway, and that he suffered significant stress and embarrassment due to Rodeway's staff treatment of him during the flare up. *See* First Amended Compl. ¶¶ 11-22.

But that does not end the analysis. More is needed to determine whether Plaintiff has a viable ADA claim. Plaintiff fails to allege what accommodation Defendants failed to provide or whether he even requested a specific accommodation for his IBS. Without those allegations, it cannot be said that Defendants discriminated against Plaintiff **on the basis of** his IBS. Moreover, as it relates to Choice Hotels, the only communication he had with that defendant regarding his disability seems to be after the fact, when he "filed a complaint with Choice Hotels' customers service due to the rude behavior exhibited by the hotel staff and management during his stay." *Id.* at ¶ 8. Being "rude," alone, while certainly inappropriate, does not arise to a cognizable claim under the ADA.

Moreover, nowhere in the First Amended Complaint does Plaintiff allege that he informed Rodeway's staff of his condition, or that they were otherwise aware of his condition before or during the incident in question. Rather, Plaintiff merely alleges that he "was unable to get off the toilet and was pleading with hotel staff and management, who were harassing him and disregarding his requests for privacy and

6

assistance." *Id.* ¶ 11. Plaintiff's conclusory statements do not explain what "assistance" he needed, what assistance was denied, and how he was "harassed." Without alleging that he requested an accommodation which Defendants failed to provide, and that Defendants were aware of his condition, Plaintiff cannot establish that Rodeway's alleged mistreatment was on account of his disability. *See Jones v. United Parcel Serv.*, 214 F.3d 402, 406 (3d Cir. 2000) ("It is, of course, an axiom of any ADA claim that the plaintiff be disabled and that the [defendant] be aware of the disability.").

As to Choice Hotels, Plaintiff fails to provide a legal basis to hold Choice Hotels (the franchisor) accountable for alleged conduct by Roadway (the franchisee). The parties agree that a franchisor's liability for a franchisee's alleged actions turns on the degree of control that franchisor maintains over the franchisee. *See* ECF Nos. 16-1 at 5-9, 24 at 6, 8, 15; *Boutahli v. 7-Eleven, Inc.*, No. 16-cv-1186, 2020 WL 3287127, at *4 (D.N.J. June 18, 2020) (recognizing that New Jersey courts "have invoked agency principles to determine the imposition of liability on a franchisor for the tortious and criminal acts' that occurred on the franchised premises.") (quoting *J.M.L. ex rel. T.G. v. A.M.P.*, 877 A.2d 291, 296 (N.J. Super. Ct. App. Div. 2005)).

In this respect, Plaintiff's First Amended Complaint is deficient. Nothing in the First Amended Complaint alleges that Choice Hotels substantially controls operations at Rodeway in such a way that Rodeway's conduct should be imputed onto Choice Hotels. The only allegations that seem to implicate Choice Hotels are those related to the complaints Plaintiff filed with the customer service department **after**

7

the alleged incident, which Plaintiff categorized as "rude" behavior, not discrimination. First Amended Compl. ¶¶ 8-9, 16, 19. But, those allegations do not shed light on Choice Hotel's level of control over Rodeway's operations. That deficiency, alone, is sufficient to dismiss the claim as to Choice Hotels. *See Saleh v. Egglinger Ins. Agency, LLC*, No. 19-cv-13944, 2020 WL 1443768, at *4 (D.N.J. Mar. 25, 2020) (denying a plaintiff's motion to amend complaint on futility grounds, under the same standard as a motion to dismiss, because "Plaintiff's proposed Amended Complaint is devoid of any specific allegations that GEICO asserts control over EIA's operations.").

To contrast, in *Michalak v. ServPro Indus., Inc.*, No. 18-cv-01727, 2019 WL 3562690 (D.N.J. Aug. 6, 2019), the Court denied a motion to dismiss where Plaintiff's complaint sufficiently alleged franchisor's control over a franchisee. There, the plaintiff sufficiently alleged that defendant ServPro Industries, Inc. ("ServPro"), a franchisor of defendant O'Donnell Restoration, had both actual and apparent authority over O'Donnell Restoration such that ServPro could be held vicariously liable. *Michalak*, 2019 WL 3562690, at *4-5. Plaintiff alleged that ServPro "issued manuals, training materials and/or other writings setting forth the methods, standards, specifications, policies and procedures that it required defendant O'Donnell Restoration to follow," and that ServPro's HR representative had promised to investigate the incident in question when Plaintiff made their initial complaint of harassment and workplace discrimination. *Id.*

Plaintiff's First Amended Complaint is not as specific. Plaintiff merely alleges

8

that he "filed a complaint with Choice Hotels' customer service" and received 90,000 points but fails to provide any other detail to suggest Choice Hotels exerts substantial control over Rodeway and its staff. That, alone, is insufficient to establish that Choice Hotels should be vicariously liable for the day-to-day activities of Rodeway staff. Even if Plaintiff could allege Choice Hotels' substantial control over Rodeway, the ADA claim against Choice Hotels should still be dismissed. If the ADA claim against Rodeway fails, then it stands to reason that Choice Hotels cannot be held liable either. Therefore, I recommend that Judge Farbiarz dismiss Plaintiff's ADA claims against both Rodeway and Choice Hotels without prejudice.

### B. The Supplemental Jurisdiction Over Remaining State Claims

Without the ADA claim, the question remains whether the other 16 claims of the First Amended Complaint, all of which are based on state law, should also be dismissed. The Court need not resolve the viability of those state claims. That is so because this case is not before the Court on diversity jurisdiction but rather on a federal question—whether Defendants violated the ADA. If the ADA claim is dismissed, the Court should decline to exercise supplemental jurisdiction.

Title 28, United States Code, Section 1367 vests the Court with supplemental jurisdiction over "all other claims that are so related to claims in the action within such originally jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). However, a district court may decline to exercise supplemental jurisdiction over related state claims if "the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3).

All of Plaintiff's claims, except the ADA claim, sound in New Jersey state law, and this Court should not exercise supplemental jurisdiction over these claims where the only federal claim is dismissed. *See Bright v. Westmoreland Cnty.*, 380 F.3d 729, 751 (3d Cir. 2004) ("[A]bsent extraordinary circumstances, where the federal causes of action are dismissed the district court should ordinarily refrain from exercising pendent jurisdiction [over the state law claims].") (citation and quotation marks omitted); *see also Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (citation omitted).

Other than having to address the pending Motions (ECF Nos. 16, 28), and holding one conference with the parties (*see* Minute Entry, November 25, 2024; ECF No. 38), little has happened in this case. In fact, discovery has been held in abeyance. *See* ECF No. 38. Plaintiff has not presented a justification for this Court to maintain supplemental jurisdiction over the state claims in light of the dismissal of the ADA claim. Therefore, I recommend that Judge Farbiarz decline to exercise supplemental jurisdiction over the remaining state claims.

## IV.  CONCLUSION

For the reasons set forth above, I respectfully recommend that Defendants' Motions to Dismiss Plaintiff's First Amended Complaint (ECF Nos. 16, 28) be **GRANTED** and Plaintiff's First Amended Complaint be **DISMISSED WITHOUT**

**PREJUDICE** with leave to amend.  The parties have fourteen days to file and serve objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); L.Civ.R. 72.1(a)(2), (c)(2).

                                                              HON. JOSÉ R. ALMONTE
                                                              UNITED STATES MAGISTRATE JUDGE

Dated: May 2, 2025